NORTHBRIDGE.

Where there were several ballotings at one election, which was controverted, and the last balloting was proved to have been ineffectual, the member was allowed to show, that he was in fact duly elected at one of the other ballotings.

The fact, that no notice has been given to a member returned, prior to the meeting of the general court, of a petition against his election, is not a sufficient ground upon which to refuse a hearing to the petitioners.

THE election of Paul Whiting, returned a member from Northbridge, was controverted by Hiram Wing and seventy-three others, and reported upon by the committee on elections, as follows : —

" The matter has been delayed until this late day, entirely at the request of the petitioners. The sitting member and the committee have been ready from the first, to attend to a hearing.

At the very outset of the case, a point was raised by Rejoice Newton, Esq., the counsel for the sitting member, which invited and received a full attention from the committee, but which they present to the house, that, if it be thought necessary, it may be acted upon by the whole house. It was an objection, that no notice was given of this petition to the sitting member previous to the session of the legislature, and that a notice to him *now*, of the taking of depositions in Northbridge, was compelling him to leave his post of duty in the house, and return to his home to defend his right to a seat.

The committee are aware, that there is a provision in the Rev. Sts., c. 2, § 7, which provides, that in all petitions to the general court which may affect the rights of individuals, notice *may be* given by personal service thirty days before the commencement of the session. The committee observe, that the statute does not *require* such notice as indispensable, and presume it was intended merely to point out a course, by which the delay of an order of notice issued by the general court might be avoided. The committee are aware, that proceedings on a petition presented at so late a season may give rise to the difficulty suggested, and compel a member to return

to his home and desert his post, for the purpose of defending his right to a seat, but they are not aware that any law or custom compelled them on that account to refuse a hearing to the petitioners.

The petitioners produced the record of the town clerk, by which it appeared that on the fourth ballot, Mr. Paul Whiting had ninety-three votes, and Lyman Taft ninety-two votes. They then produced testimony, that one Gilman E. Walker, who voted on the last ballot for Paul Whiting, was not a legal voter, having moved into this commonwealth within a year, and never having paid a tax in this commonwealth. This evidence was not contradicted, and the committee were unanimously of opinion, that there was no choice on the last ballot, the votes being ninety-two for each.

. The sitting member then proposed to show, that he was elected a member from that town on the third ballot. The petitioners contended that he had no right to go back to that balloting; that he himself, as chairman of the selectmen, had then declared no choice on the third ballot by reason of illegal voters, and that he could not go behind that declaration. But the sitting member responded, that the petitioners had set forth in their petition the third ballot as being a basis upon which they claimed a seat for Lyman Taft, and that he himself, now standing in the light of a petitioner for a seat, could urge that the declaration of the selectmen, on the third ballot, was wrong. He then proceeded to take the ground, that on the third ballot, taking their return of votes to be correct, namely, ninety-nine for Taft, ninety-seven for himself, and one scattering, that he could show sufficient illegal votes thrown for Taft, to entitle him (the sitting member) to his seat.

The committee were of opinion, that the sitting member had a right to throw himself back on the third ballot, precisely as a new petitioner might, but they submit that opinion with great deference to the house, as it is on a point strongly contested by the parties.

The sitting member then produced the evidence of the above named Gilman E. Walker, who, on the third ballot, voted for

Taft, and who was clearly an illegal voter, not having paid a tax in this commonwealth; which diminished the votes for Taft one. Next the deposition of Waldo Adams, who voted for Taft on the third ballot, and had never paid any tax, which diminished Taft's vote two. Next the deposition of David Dunn, Jr., who had voted for Taft on the third ballot, and had not paid a tax for two years previous, and which diminished the vote for Taft three. Next the deposition of Libertine Bullard, who had voted for Taft on the third ballot, and had left Northbridge for Milford on the first of last April, with intent there to remain, but returned to Northbridge on the first of October. The law requiring six months' residence, the committee did not think him a legal voter, and this diminished Taft's vote four. He next produced the deposition of Harrison Prime, who voted for Taft on the third ballot, who went to Sutton on the first of April last, with intent to remain, but returned to Northbridge in September last. The committee likewise rejected his vote, and reduced Taft's vote five; making it, instead of ninety-nine, ninety-four. The sitting member likewise produced the deposition of John Thatcher, who voted for Capt. Benjamin Taft on the third ballot, and not having paid any tax for two years preceding, the committee rejected his vote, and considering him the scattering voter, struck that vote out; leaving the vote for Taft 94, for Whiting 97.

The petitioners then undertook to reduce Whiting's votes on the third ballot, and introduced the deposition of E. S. Fletcher, who voted for Whiting on the third ballot. Mr. Fletcher came from Maine to Northbridge, where his father lived, in September, 1836, with intent to remain, bringing his family. Finding no house suitable, he sent his wife visiting to her father's, in Uxbridge, or to her friends in Rhode Island. He remained part of the time at his father's, in Northbridge, and part at her father's, in Uxbridge, about half a mile from his father's; and commenced building a house in Northbridge. He went to meeting in Northbridge, and had his furniture, &c., stored in part at his father's, and partly at her father's. In October, 1837, his house in Northbridge was finished, and

he commenced keeping house there. He had been assessed a poll tax in Uxbridge, in May, 1837, which his father paid. The committee thought, that, in the spirit of the decision of the case of Spencer, 1814–15 (*ante*, 178), Mr. Fletcher was a resident of Northbridge, for six months previous to November 13th, and his vote for Whiting a legal one.

The petitioners then introduced the depositions of Arad Aldrich and Aretas Fletcher, to testify about the same person; but, as in the notice to the sitting member of the taking of depositions, these names were not inserted, but, in lieu thereof, Erastus Fletcher and Ansel Aldrich, the committee refused to admit them.

The petitioners then produced the deposition of Charles W. Taylor, who never paid any tax, and was but seventeen years old. In answer to the question, whether he voted for Paul Whiting, he replied, that 'he could not answer said question.' This appeared to be the only proof that he voted at all. The committee could see no reason why they should deduct a vote from Paul Whiting, as having been given by said deponent.

The petitioners then introduced the deposition of Luther R. White, who voted for Whiting at the third ballot. He was in Northbridge on Saturday, the 11th day of November, but on that day engaged to work in Uxbridge, and went there on that day; lodged there on Saturday and Sunday evenings; on Monday he voted in Northbridge, and in the evening took the residue of his clothes to Uxbridge, and commenced work there on Tuesday. The committee did not think he removed from Northbridge until Monday evening, and saw no reason to strike out his vote.

The result, therefore, was as follows :—

### Third Ballot.

| | | | | | |
|---|---|---|---|---|---|
| For Paul Whiting, | 97 ; | illegal votes, | 0—— | 97 |
| For Lyman Taft, | 99 ; | " " | 5—— | 94 |
| Scattering, | 1 ; | " " | 1—— | 0 |
| | | | | 191 |
| Whole number, - | - | - | - | - | - | 191 |
| Necessary for a choice, | - | - | - | - | 96 |

Paul Whiting had ninety-seven, and, the committee believe, was chosen. They therefore recommend that the petitioners have leave to withdraw their petition."

The report was agreed to by the house.[1]